J. D. CLARK, JR., Respondent, v. J. P. FAIRLEY,.
Appellant.

St. Louis Court of Appeals, February 1, 1887.

1. PLEADING—AIDER BY VERDICT.—The omission of essential aver-
ments is fatal to a petition, but their inartificial or insufficient state-
ment may be aided by verdict.

2. INSTRUCTIONS—ERRONEOUS.—An instruction which makes the de-
fendant's liability depend on certain facts which, if found, would
not render him liable, is erroneous.

3. DAMAGES—PERSONAL INJURIES.—In order to render the defend-
ant liable, in an action for damages for personal injuries, direct.
connection between the act and the injury must be established.

APPEAL from the St. Louis Circuit Court, SHEPARD
BARCLAY, Judge.

*Reversed and remanded.*

FRANK A. HOBEIN and E. A. B. GARESCHÉ, for the
appellant.

A. A. PAXTON, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover damages for injuries to
the plaintiff's person. The petition is as follows :

" The plaintiff states that, on the thirtieth day of Sep-
tember, 1885, whilst said Joseph D. Clark, Jr., an infant
under the age of twenty-one years, and of the age of
thirteen years, and son of the plaintiff, was passing along .
on the sidewalk of Franklin avenue, between Eighth, and
Ninth streets, in the city of St. Louis, state of Missouri,
in a peaceable and lawful manner, the defendant, without
any just provocation or excuse whatever, assaulted said
Joseph D. Clark, Jr., and by means of said assault said

Clark was forced and driven against the hind legs of a certain mule, standing close to the curb of said sidewalk, which said mule kicked and wounded him, said Clark, on the back of his head, and in his shoulder and arm, so that he, said Clark, was greatly and permanently injured, maimed, and disfigured. That by reason of said wrongful act of the defendant said Joseph D. Clark, Jr., suffered great pain of body and mind, and has been injured and maimed for life, and has suffered damages in the sum of ten thousand dollars. Wherefore the plaintiff prays judgment, etc."

The answer was a general denial.

There was a trial by jury and a verdict for the plaintiff in the sum of five hundred dollars.

The defendant, upon the trial, objected to the introduction of any evidence, on the ground that the petition failed to state any cause of action, and renewed his objection by motion in arrest. These objections were overruled by the court, and its ruling in that behalf is assigned for error.

The petition fails to state that the assault was either unlawful or excessive, but as it does state that it was made without any just provocation or excuse whatever, we are inclined to hold that its averments include, by reasonable intendment, the essential averment of unlawfulness. This would bring the petition within the rule that, matters insufficiently averred are aided by verdict, and not within the rule that, where the petition omits averments essential to the plaintiff's recovery, the judgment must be arrested.

In view of a probable re-trial of the cause however, we will suggest, that the plaintiff have leave to amend his petition, if he so elects, as the facts, on which he relies for a recovery, and which his testimony tends to show, constitute a battery, which includes an assault, but is not included in the legal signification of the latter term. The petition should state the facts relied on for a recovery.

The defendant further assigns for error the refusal of

instructions asked by him, and erroneous instructions given by the court at the plaintiff's instance, and on its motion. The only witness, who, on the part of the plaintiff, testified as to the cause of the accident, was a companion of his, a boy about fourteen years old, who stated the occurrence substantially as follows: The witness and the plaintiff were walking in front of the defendant's store, when the plaintiff took some coffee beans from an open sack standing in front of the store, and put them in his mouth; the defendant thereupon rushed at the plaintiff, who was walking in the middle of the sidewalk, and slapped him with his open hand; that a mule was standing in the street, a distance of eight feet from the gutter, and the plaintiff fell under its legs, and was severely injured by a kick from the mule.

This battery was denied by the defendant. His testimony, as well as that of several eye witnesses of the occurrence, testifying in his behalf, tended to show the following facts: The plaintiff in passing the defendant's store took some coffee beans from an open sack, and was ordered by the defendant to put them back. Upon his failure to do so the defendant started after him, and the plaintiff, retreating and watching the defendant, ran or backed against this mule, which kicked him, inflicting the injuries complained of. The defendant, as well as his witnesses, stated that he was at no time within striking distance of the plaintiff, and at the time of the accident was at least eighteen feet off.

The defendant asked a number of instructions, all of which were refused by the court. While most of them lay down correct propositions of law, valid objections may be made to their phraseology, as applicable to the particular facts of this case, and we shall not comment upon them. Among the instructions thus asked was the following:

"If you believe, from the evidence, that the plaintiff, while passing the defendant's store, stole or purloined coffee therefrom, and the defendant, seeing him in the act,

pursued the plaintiff, and the plaintiff, to evade being caught, and during the pursuit, ran into a mule, which mule was standing on the street at the time, and that the plaintiff was kicked and injured by the mule, then the defendant is not liable for the injuries so sustained by the plaintiff, and you should so find.''

The court refused this instruction, but gave it, in a modified form of its own motion, as follows :

'' If you believe, from the evidence, that the plaintiff, while passing the defendant's store, took some coffee out of an open sack near the door, and the defendant, seeing said act, pursued the plaintiff, and that the plaintiff, in endeavoring to escape, *and without having been struck by the defendant, voluntarily* ran against or near the mule standing then and there in the street, and was in consequence kicked and thereby injured, then your verdict should be for the defendant.''

The instruction thus modified was the only instruction given, putting before the jury the defendant's theory of the case. The defendant's instruction, as asked, was proper. The testimony on both sides admits that the plaintiff purloined some of the coffee. That the act was done as a mere boyish freak, and without a conscious intent of doing wrong, may palliate the offence, but does not justify it. But though the instruction might have been properly given as asked, the court committed no error and was justified in changing the first part of it, and it is not evident how that change could have prejudiced the defendant.

The change in the last part of the instruction was clearly unwarranted, and its evident effect was to mislead the jury. It tells them that to acquit the defendant of responsibility they must find that he did not strike the plaintiff, and that the plaintiff voluntarily ran near or against the mule, whereas the jury might have found both, namely : that the defendant did strike the plaintiff, and that the plaintiff's running against the mule

was involuntary (*i. e.*, unintentional), without making the defendant necessarily liable.

The defendant's liability, under the evidence, could be sustained only on the theory that he forcibly threw the plaintiff near or against the mule in some manner. There was nothing unlawful in the defendant's pur-- suit of the plaintiff, and if the plaintiff, to evade it, ran against or near the mule, voluntarily or other- wise, the defendant is not responsible. On the other hand the defendant may have even struck the plaintiff, and yet, unless there is some direct connection between the effects of the blow and the plaintiff's falling near or against the mule, the defendant is not responsible for injuries inflicted by the mule. The instruction, as given, was faulty, as viewed in any respect, and may alone furnish a sufficient explanation how the jury came to find a verdict, opposed to the weight of evidence, and to all the probabilities arising from surrounding circum- stances.

The judgment is reversed and the cause remanded. All the judges concur.