| 95 | 113 |
| 42a | 537 |

| 95 | 113 |
| 55a | 468 |
| 56a | 433 |

BIRTWHISTLE v. WOODWARD, *Garnishee, Appellant.*

1. **Garnishment**: PARTNERSHIP. An interest of a partner in an unsettled partnership cannot be reached by garnishment.

2. —— : ——. But where the partnership has been dissolved, and the interest of each partner ascertained, it becomes the subject of garnishment.

3. **Instruction.** An instruction which authorizes a recovery should not ignore a fact essential to such recovery.

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED AND REMANDED.

*Boyle, Adams & McKeighan* for appellant.

(1) A garnishment proceeding cannot be used as a bill in equity for the purpose of setting aside a garnishment proceeding and of winding up a partnership estate and stating an account between them. *Epstein v. Block,* 10 Mo. App. 352; *Birtwhistle v. Woodward,*

17 Mo. App. 277. A garnishment proceeding is strictly legal, and no power exists in the court to invoke equitable interference to compel a settlement and adjustment of accounts between parties and partnership. *Sheedy v. Bank*, 62 Mo. 17; *McPherson v. Railroad*, 66 Mo. 103; *Lackland v. Garesché*, 56 Mo. 267. (2) A plaintiff cannot treat a sale of personal property as valid, in order to subject him to the garnishment of the purchase money, and at the same time attack the sale for fraud. *Goddin v. Pierson*, 42 Ala. 370. (3) The court, at the conclusion of the respondent's case, should have instructed the jury, as requested by the appellant, that upon the evidence submitted the respondent could not recover against the appellant.

*E. P. Johnson* with *C. P. & J. D. Johnson* for respondent.

(1) As soon as the *delictum* on the part of Birtwhistle occurred his wife became a *quasi* creditor, and, as such, entitled to set aside a conveyance subsequently made by him for the purpose of defrauding her of her alimony, etc., thereafter recovered by her. *Barrett v. Barrett*, 5 Ore. 411; *Bouslough v. Bouslough*, 68 Pa. St. 499; *Livermore v. Boutelle*, 11 Gray, 217; *Bailey v. Bailey*, 61 Me. 361; *Frakes v. Brown*, 2 Black. 295; 2 Bish. on Mar. and Div. [6 Ed.] secs. 450, 453. (2) Where property has been fraudulently conveyed, garnishment by a creditor is a proper remedy to reach it. *Lackland v. Garesché*, 56 Mo. 267; *Potter v. Stevens*, 40 Mo. 591; *Armstrong v. Tuttle*, 34 Mo. 432; *Brokerage Co. v. Cronin*, 14 Mo. App. 587. (3) Garnishment is a proper remedy also where plaintiff had a claim against or lien upon property that had been sold (as respondent had in this case, by reason of her divorce and injunction proceedings), to reach the proceeds of it in the hands of the garnishee. *McGuire v. Wilkinson*, 72 Mo. 199; *Casebolt v. Donaldson*, 67 Mo. 308. (4) Either partner, after

dissolution and settlement of the partnership, may sue the other at law for any balance. *Sharp v. Johnston,* 59 Mo. 557; *Silver v. Railroad,* 5 Mo. App. 381; affirmed, 72 Mo. 194; *Whetstone v. Shaw,* 70 Mo. 575. And whenever a balance is struck between them, or a settlement made, the one owing or holding the balance may be garnished by a creditor of the other. *Knerr v. Hoffman,* 65 Pa. St. 126; *Willard v. Decatur,* 59 N. H. 137; *Treadwell v. Brown,* 41 N. H. 12, 15.

NORTON, C. J.—Plaintiff, on the eighth of October, 1883, commenced a suit for divorce in the circuit court of the city of St. Louis, against her husband, James F. Birtwhistle, and for alimony, alleging, among other things, that he was the owner of personal property of the value of twenty-five thousand dollars, and derived therefrom an annual income of five thousand dollars; that he owned no real estate; that said personal property consisted of an undivided half-interest in the machinery, stock, and choses in action of the book and job-printing establishment and bindery of the firm of C. B. Woodward & Company, of which firm said Birtwhistle was a member. It is also alleged that, by reason of the facts stated in the petition as a cause of action, he had repeatedly told plaintiff that if she separated from him she could not get a cent of said property; that he had kept what he had in personal property to prevent her from obtaining anything from him in case of separation; that she charged the fact to be that, unless he was restrained from so doing, he would sell and convey said property and defeat the collection of any sum which the court might adjudge him to pay her as alimony, and prayed for a temporary order enjoining him from selling or conveying said property until he should give security for all sums of money that might be awarded her, and that, on a final hearing, the injunction be made perpetual, or until such security should be given.

Birtwhistle was served with process on the eighth day of October, 1883, and on the morning of the tenth, said court issued an order against him to show cause, at a time and place stated, why a restraining order as prayed for should not be issued. On the thirtieth of January, 1884, the court granted her a decree of divorce, and allowed her alimony in the gross sum of five thousand dollars. An execution was issued on this judgment, under which defendant, Woodward, on the first of March, 1884, was garnished, and he appeared and filed answer to the usual interrogatories denying that he had in his possession, custody, or charge, any property of Birtwhistle, or that he was indebted to him, and alleged that the property mentioned in plaintiff's petition for divorce was sold and delivered to him by Birtwhistle, on the tenth of October, 1883, for which he paid him six thousand dollars, and that he afterwards sold and delivered said property to the Charles B. Woodward Printing and Book Manufacturing Company, a corporation of which he was president, and as such, but not otherwise, had possession of the same.

On the sixteenth of May, 1884, plaintiff filed a denial of this answer, setting forth the partnership between said Woodward and Birtwhistle, the property owned by the firm, and its value ; also setting forth the facts in regard to the institution of said divorce suit, the issuance of the restraining orders which were continued in force till final judgment for alimony, and judgment perpetuating the injunction. It is then averred substantially that, after the dissolution and final settlement of said partnership, the purchase by Woodward of said Birtwhistle's interest was made and contrived by Birtwhistle in violation of said restraining order, and with the intent to hinder, delay, and defraud plaintiff of her lawful action for alimony then pending, all of which defendant, Woodward, well knew. To this denial defendant replied, putting in issue the facts

alleged, upon the trial of which issue judgment was rendered for plaintiff, from which the defendant has appealed.

The evidence offered on the trial tended to show that the partnership between Woodward and Birtwhistle was dissolved and a settlement made and agreed upon, and that defendant bought Birtwhistle's interest with knowledge of the divorce proceedings, in which it is charged that Birtwhistle, for the purpose of defrauding plaintiff of her claim for alimony, would sell, unless enjoined from so doing, his interest in the partnership. And the question which the record presents is was Birtwhistle's interest subject to garnishment. Inasmuch as the counsel, both for plaintiff and defendant, agree that an interest of a partner, in an unsettled partnership, cannot be reached by a garnishment proceeding, it is unnecessary to refer to the authorities cited to establish the principle. The reason upon which the principle rests is stated to be, that the appropriate means of reaching and ascertaining the interest of a partner in an unsettled partnership, is by resort to a court of equity for an accounting, and settlement of the partnership, and that, inasmuch as the proceeding by garnishment is not an equitable one, such interest, for that reason, cannot be made the subject of garnishment.

It is, however, insisted by plaintiff that when a partnership is dissolved, and finally settled between the partners, and the interest of each ascertained, that the amount due each then becomes a legal demand, and the interest of each thus ascertained is subject to garnishment. This point is sustained by the authorities cited by counsel in his brief, as well as the one made that if such interest is sold and transferred in fraud of creditors to a vendee, with knowledge of the fraud, that it or its proceeds may be reached by garnishment in the hands of such vendee, even though he may have paid value for it. *Burgert v. Borchert,* 59 Mo. 80. In the instruction

given for plaintiff, the court authorized the jury to find a verdict for plaintiff without requiring them to find an essential fact in the case upon which her right to recover in this form of proceeding depended, viz., that the partnership between Woodward and Birtwhistle had been dissolved and finally settled when defendant purchased the interest of Birtwhistle.

For this error the judgment will be, and is hereby, reversed and cause remanded. All concur, except Ray, J., absent.