C. FINK et al., Appellants, v. GEORGE H. PHELPS, Defendant; H. H. HENDRICKS, Interpleader, Respondent.

Kansas City Court of Appeals, April 23, 1888.

PRACTICE—INSTRUCTIONS MUST HYPOTHECATE ALL THE FACTS—CASE ADJUDGED.—Where an instruction purports to cover all the facts in the case, and directs a verdict upon them, and omits some of the facts in issue (as in this case), this court will be compelled to reverse the judgment. "An instruction which hypothecates a state of facts, and upon their existence directs a verdict, is improper, unless all the facts are hypothecated which are necessary to sustain a verdict." (Sullivan case, 89 Mo. 169).

APPEAL from Lafayette Circuit Court, HON. RICHARD FIELD, Judge.

Reversed and remanded.

WALKER & PHETZING and GRAVES & AULL, for the appellants.

I. The record shows that Fink & Nasse were

creditors of George H. Phelps; that Phelps, with intent
to defraud his creditors, sold his stock of goods worth
from eight hundred to nine hundred dollars to H. H.
Hendricks, April 28, 1886, for six hundred dollars,
taking as part payment a dwelling-house of Hendricks'
valued at four hundred dollars. No invoice was taken,
and on the same day that Mr. Sanfelder, the agent and
salesman of plaintiffs was to be there, and also just
after some goods purchased of Phelps had been received,
Hendricks at the request of Phelps executed and deliv-
ered the deed for the real estate to David Phelps, a
brother of George H. Phelps. April 29, a writ of
attachment was issued in favor of Fink & Nasse, and a
portion of the stock of goods attached. In the attach-
ment suit plaintiffs obtained judgment against Phelps.
Hendricks filed his interplea claiming the goods. Fink
& Nasse answered the interpleas setting up fraud, which
interpleader denies.

II. Appellants insist that upon the trial of said
cause the court erred in admitting as evidence the
receipts for rent of house from May to December, 1886,
given to Hendricks by Page, the salesman of Emerick,
Newhouse & Company, for the reason that the alleged
sale having been made several months before the receipts
were given, the receipts could not throw any light on
the good faith of said sale, and had a tendency to mis-
lead the jury. *Weil v. Posten,* 77 Mo. 284; *Frederick
v. Allgaier,* 88 Mo. 598.

III. The circuit court erred in giving the second
instruction for interpleader. That instruction ignores
the issues in the case, ignores the knowledge of fraud,
and the knowledge of Phelps' intention to defraud his
creditors, and is inconsistent with plaintiffs' instructions
numbered two, three, four, five, six, seven, and eight.
The fourth instruction for interpleader ignores the fact
that if purchaser had knowledge of Phelps' intention to
defraud his creditors that purchaser obtains no title.
That instruction is inconsistent with plaintiffs' numbered
four and eight.

IV. The court erred in giving instruction, numbered five for interpleader, which declares the title to the property to be in Hendricks simply because he paid a valuable consideration, received the property and was in visible, open, and notorious possession thereof; it ignores the intent of Phelps to defraud his creditors, and the purchaser's knowledge of such intention and is inconsistent with plaintiffs' instruction, number eight. *Bishop v. O'Connell*, 56 Mo. 158; *Lesem v. Herriford*, 44 Mo. 324.

V. The sixth and seventh instructions for interpleader require that the jury must be satisfied by a preponderance of the evidence, that purchaser knowingly aided such fraudulent design or had knowledge of Phelps' fraudulent intention; and is inconsistent with plaintiffs' instructions two, three, four, seven and eight. Interpleader's instructions misled the jury. *Thomas v. Babb*, 45 Mo. 384; *Henschen v. O'Bannon*, 56 Mo. 289; *Price v. Railroad*, 77 Mo. 508; *Bank v. Westlake*, 21 Mo. App. 565; *Frederick v. Allgaier*, 88 Mo. 598; *Flori v. City*, 69 Mo. 343; *Modiste v. McVike*, 74 Mo. 635.

JOHN WELBORN, for the respondent.

I. The court committed no error in admitting as evidence deed of Dave Phelps to Emerick, Newhouse & Company, for house and lot that Hendricks had deeded to Dave Phelps in part payment of goods, and also receipts for rent of said house given to Hendricks by Page, salesman of Emerick, Newhouse & Company. This evidence showed good faith of transaction, and that it was a *bona-fide* transaction and not a mere pretended sale.

II. The instructions complained of, given by the court for interpleader, are in the language of the statute, and also of the decisions quoted by the appellant. (1) The court committed no error in giving instructions to the jury on the part of the interpleader. Said instructions presented the issue made by the pleadings, to the

jury and each and all of said instructions in like cases have been approved by the Supreme Court. (2) The first instruction given by the court for interpleader properly presented to the jury the issue on trial. Taking all of the instructions given for interpleader together they presented the law in the case and are in perfect harmony with the instructions given by the court for plaintiffs. (3) The issue made by the pleadings are fairly presented in all the instructions given by the court for interpleader and plaintiffs and cannot be inconsistent for the reason that the issue on trial is not ignored in said instructions. (4) The questions of possession, fraud, title, intention, and design of Phelps in making sale, and knowledge of Hendricks are all presented to the jury in said instructions.

III. We submit the following authorities in support: *Singer v. Goldenberg*, 17 Mo. App. 549; *Wear v. Sanger*, 91 Mo. 348; *Albert v. Besel*, 88 Mo. 150; *Vastine v. Wieding*, 45 Mo. 89; *Ruby v. Culbertson*, 35 Mo. 264; *Wiseman v. Lynn*, 39 Ind. 259; *Hausman v. Hope*, 20 Mo. App. 193; *Miller v. Marks*, 20 Mo. App. 369; *Claflin v. Rosenberg*, 42 Mo. 438; *State ex rel. v. Merritt*, 20 Mo. 276; *Phillips v. Small*, 21 Mo. App. 38; *Priest v. Way*, 87 Mo. 16.

ELLISON, J.—Plaintiffs sued defendant by attachment, attaching a stock of goods in Aullsville. Interpleader filed his interplea claiming to have purchased the goods in good faith a day or two prior to the attachment. Judgment was given for interpleader and plaintiffs appeal.

Interpleader was postmaster of Aullsville, in which town the goods were situated, and kept his office in the defendant's store-room for some time before his purchase, and occasionally assisted defendant in sales and sometimes made purchases of produce for him.

Among the prominent issues in the case was whether there had been a complete, open, and notorious change of possession of the goods as required by the statute. This issue was made in the evidence and emphasized

by instructions for either party. Under this state of the case, the court gave for interpleader the following instruction:

"The jury are instructed that although they may find and believe from the evidence that George Phelps, when he made sale of goods mentioned in evidence to Hendricks, interpleader, that he made said sale for the sole purpose of hindering, delaying, or defrauding his creditors; yet the jury must find for the interpleader Hendricks, unless they are satisfied, by a preponderance of the evidence, that said Hendricks knowingly aided such fraudulent design, or had knowledge of such fraudulent intention on the part of Phelps."

It will be noticed that this instruction purports to cover the whole case and directs a verdict for the interpleader without reference to a change of possession.

Under the direct ruling of the Supreme Court, in the *Sullivan case*, 89 Mo. 169, we will be compelled to reverse the judgment. It is there held that "an instruction which hypothecates a state of facts and upon their existence *directs a verdict*, is improper unless all the facts are hypothecated which are necessary to sustain a verdict."

It is also there said that in such case the jury "have the court's declaration that this is the *whole* case, which is put before them in one instruction." The italics are my own. The *Sullivan case* is familiar to the bar of the state and it is unnecessary to further refer to it or to comment thereon.

The other instructions are substantially correct. Number five for interpleader is not fairly subject to the criticism made upon it in plaintiffs' fourth, as it requires the purchase to have been made in good faith. Numbers two and four for interpleader are correct in themselves, and, in connection with the others, are not misleading. They do not purport to cover the whole case, nor do they direct a verdict on the matters hypothecated in them.

The judgment is reversed and the cause remanded. All concur.