Clark v. The People's Collateral Loan Co.

G. J. CLARK, Respondent, v. THE PEOPLE'S COLLATERAL LOAN COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1891.

1.  **Appellate Practice :** REVIEWABLE OBJECTIONS TO EVIDENCE : MOTION FOR NEW TRIAL. An objection to evidence on the ground that it is immaterial, irrelevant, incompetent, improper or illegal, is so general that nothing is saved which can be reviewed by the revisory court. Objections to evidence must be specific, calling the court's attention to the particular ground thereof ; and specific objection cannot be injected into the cause by the motion for a new trial, and in that way obtain recognition in the appellate court.

2.  **Sales :** WARRANTY OF TITLE : EVIDENCE : CONVERSATION. Plaintiff sued upon an implied warranty of title in the sale of a typewriter; defendant's contention was that it had given an option on the typewriter to A. who, before the time expired, sold it to plaintiff. It was undisputed that plaintiff gave his check to A., and, on his indorsement thereof to defendant, the latter paid him the difference between its price to him and his price to plaintiff. *Held*, the conversations between A. and defendant's agent—all the verbal acts of the parties connected with the transaction—should have been admitted in evidence to enable the jury to determine the question as to whom the sale was made by the defendant.

3.  ———— : ———— : INSTRUCTIONS : ISSUES. Instructions set out in the opinion are criticised, since they nor any other instruction informed the jury what the issues were, and ignored the essential and constitutive fact that they must find that plaintiff had surrendered the typewriter to a person having a paramount title thereto.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff*, for appellant.

( 1 ) The justice's judgment was absolutely void, especially against this defendant, because the necessary jurisdictional facts do not appear from the justice's

Clark v. The People's Collateral Loan Co.

record. This proposition requires no citation of authorities in this state. *Zimmerman v. Snowden*, 88 Mo. 218; Bigelow on Estop. [ 4 Ed.] p. 48. It is only where the statute does not require the essential facts to be entered of record by the justice on his docket that they may be established otherwise than by the docket itself. *Kansas v. Alexander*, 92 Mo. 660, 671. The jurisdiction of the justice had become *functus officio*. *Sullivan v. Donnell*, 90 Mo. 258; *Nelson v. Campbell*, 24 Pac. Rep. 539; *French v. Higgins*, 45 N. W. Rep. 817; *State v. Collins*, 46 N. J. Law, 167; *Redford v. Snow*, 46 Hun, 370. It follows from this that the plaintiff's first instruction should have been refused, because it permits plaintiff to recover without any proof whatever of the paramount title in Olmstead to whom he had surrendered the title. (2) This instruction is also erroneous in that it authorized plaintiff to recover "the amount actually paid in costs by plaintiff in defending his title to said property," there being no evidence of the amount of any such costs. (3) The court erred in refusing to permit appellant to prove the conversations between Andrus and Hurlbut in regard to the property.

*Robinson, O'Grady & Harkless*, and *Hayward & Griffin*, for respondent.

(1) No question of the kind raised by the first division of appellant's brief was suggested or adverted to at the trial in the circuit court. We are now called upon to reply to objections started for the first time in this court. Appellant's objection is that the first instruction "does not require the jury to find that the person to whom plaintiff had surrendered the typewriter held a paramount title thereto, nor is this omission supplied by any other instruction in the case." *Davis v. Brown*, 67 Mo. 313; *Whetstone v. Shaw*, 70 Mo. 575; *Noble v. Blount*, 77 Mo. 241; *Walker v. Owen*, 79 Mo. 563; *Holmes v. Braidwood*, 82 Mo. 610–17; *Nance v. Metcalf*, 19 Mo. App. 190. It is not necessary that each

instruction in a case should in and of itself comprehend the whole law of the whole case. Nor is it necessary that an instruction should be given on a matter not in issue or disputed. *Pope v. Railroad*, 99 Mo. 400, disposes of this objection. *Hyatt v. Railroad*, 19 Mo. App. 293 ; *Schlicker v. Gordon*, 19 Mo. App. 487 ; *Corn v. City of Cameron*, 19 Mo. App. 582 ; *Fell v. Mining Co.*, 23 Mo. App. 224 ; *Willis v. Stevens*, 24 Mo. App. 503. (2) The exclusion of conversations between defendant and Andrus, complained of in the second part of appellant's brief, proceeded upon a principle too plain and familiar to be quoted or to sustain by citation. The view taken by the court was more favorable to appellant than the well-settled principles will warrant ; and the only plausible argument to be made in favor of appellant's contention arises from the illogical concession made to it by the court.

SMITH, P. J.—This action originated before a justice of the peace, and was based upon a breach of an implied warranty of title in the sale of a typewriter. The plaintiff had judgment in the circuit court, from which defendant appealed.

I. At the trial, the plaintiff, to maintain the issue in his behalf, offered in evidence the judgment of a justice in an action of replevin, wherein K. M. Olmstead was plaintiff and Clark, the plaintiff in this suit, was the defendant, to which offer the defendant objected on the ground that the judgment was immaterial, which objection was by the court overruled, and to which ruling the defendant excepted. The question now presented by the defendant's appeal is, whether this objection saved anything which we can review. The rule has been long and well settled in this state by an unbroken line of decisions, that an objection to evidence on the ground that it is immaterial, irrelevant, incompetent, improper, or illegal is so general that nothing is saved which can be made the subject of review

by the revisory court.    Objections to evidence, to
be available in the appellate court, must be specific.
The particular ground of the objection must be
shown to have been called to the attention of the
trial court.    For instance, if evidence is claimed to
be immaterial, the specific grounds upon which that
claim was made must be preserved and presented by
the bill of exceptions, otherwise the objection will not
be noticed.    A party will not be permitted to interpose
a general objection to the evidence of the character
already indicated in the trial court, and when the cause
reaches the appellate court then suggest there for the
first time specific objections to such evidence.    The
reason for this is that it is unfair to the trial court as
well as to the adverse party.    Another reason for this rule
is that it may have been that, if the specific objection
had been called to the attention of the trial court, the
other party could have obviated it.    The objection of
the defendant to the evidence offered by the plaintiff
was so general that it saved nothing which we can con-
sider.    The cases all attest this.    *Taussig v. Schields*,
26 Mo. App. 318 ; *Dickey v. Malechi*, 6 Mo. 177 ; *Coz-
zins v. Gillipsee*, 4 Mo. 83 ; *Fields v. Hunter*, 8 Mo. 129;
*Clark v. Conway*, 23 Mo. 438 ; *Margrave v. Ausmuss*,
51 Mo. 561 ; *Buckley v. Knapp*, 48 Mo. 152 ; *Woodburn
v. Cogdal*, 39 Mo. 222 ; *Public School v. Risley Heirs*,
40 Mo. 358 ; *Railroad v. Moore*, 37 Mo. 338 ; *Blakely v.
Railroad*, 79 Mo. 389 ; *Walker v. Owens*, 79 Mo. 567 ;
*Schouler v. Schouler*, 18 Mo. App. 79 ; *Zelief v. Schues-
ter*, 31 Mo. App. 499.    The special objection to the
admissibility of the judgment in evidence now urged,
not having been suggested and passed upon by the
court below during the progress of the trial, could not
be afterwards injected into the cause by the motion for
a new trial, and in that way obtain recognition here.
*Mall v. Railroad*, 97 Mo. 75.    This evidence, in
effect, was omitted without objection, and it cannot be

made the subject of complaint here. *Thornton v. Rail-road*, 40 Mo. App. 269; *Schouler v. Schouler*, 18 Mo. App. 74. We may remark, that there was no demurrer interposed to the plaintiff's evidence by defendant. The process and the return thereon, the bond and the judgment, we must hold were in effect admitted in evidence in the court below without challenge.

II. The defendant further contends that the trial court erred in refusing to permit it to prove conversations between Andrus and Hurlbut, in regard to the typewriter. It was not controverted that the sale of the typewriter to plaintiff was through the instrumentality of Andrus; but whether defendant sold it to Andrus and he to plaintiff, or whether plaintiff bought it from defendant through Andrus, were questions about which there was a dispute. The transaction between Hurlbut and Andrus respecting the typewriter seems to have been conducted orally, and no good reason is perceived why these conversations were not admissible. Especially so in view of defendant's contention, which was, that it had given Andrus an option on the typewriter at $48, and that before taking it he negotiated a sale to plaintiff and brought him to defendant's place of business to see it, and who after examination concluded to take it. It was not disputed that plaintiff gave his check to Andrus for $60, the price of the machine which Andrus had named to him, nor that defendant, on the indorsement of the check to it, paid Andrus $12, the difference between the $48, at which the defendant had priced the machine to him, and that which plaintiff paid Andrus for it. Under these circumstances, all the verbal acts of the parties connected with the transaction should have gone to the jury for the purpose of enabling it to determine the question as to whom the sale of the typewriter was made by the defendant. It may have been that there were two sales of the machine accomplished simultaneously by the transaction, one by defendant to Andrus, and another by Andrus to plaintiff. The

conversations, and not the conclusions, of the witnesses should have been admitted to enlighten the triers of the fact. They should have been accorded the privilege of hearing what these conversations were, and of drawing their own conclusions as to the controverted facts which it was contended they would tend to prove.

III. The defendant further insists that the court erred in giving the following instruction for the plaintiff: "The court instructs the jury that if they believe from the evidence that the plaintiff purchased the typewriter in question from defendant, and that defendant was in possession thereof at the time of such purchase, and received the purchase money from plaintiff, and delivered said typewriter to plaintiff, or caused the same to be delivered to him, then the law implies that the defendant warranted the title to the property, and you will find for the plaintiff.

"If you find the issues with the plaintiff, in assessing his damages you will give him the amount paid for the property in question with interest at six per cent. from the time of demand if any was made of defendant therefor, together with the amount actually paid in costs by plaintiff in defending his title to said property." Neither did this or any other instruction tell the jury what the issues were, which it had been sworn to try. This should have been done in this or some other instruction, before telling the jury that, "if they found the issues with the plaintiff," they should give certain damages, etc. *Gessley v. Railroad*, 26 Mo. 156; *Cocker v. Cocker*, 2 Mo. App. 450; *Butcher v. Death*, 15 Mo. App. 271; *Fleischman v. Miller*, 38 Mo. App. 177; *Clark v. Fairley*, 30 Mo. App. 335; 2 Thompson on Trials, sec. 2314. If the jury found every fact embraced in the hypothesis of the instruction, this would not have rendered defendant liable. It ignored an essential and constitutive fact, in that it did not require the jury to find that the plaintiff had surrendered the typewriter to a person having a paramount

title thereto. If the defendant had warranted the title to the machine, yet, unless the jury found the facts constituting a breach of it, there could be no verdict against him for damages. The instruction ignored this essential fact in the case upon which the plaintiff's right of recovery depended. This was reversible error. *Clark v. Fairley*, 24 Mo. App. 429; *Bank v. Metcalf*, 29 Mo. App. 384; *Fink v. Phelps*, 30 Mo. App. 431; *Stocker v. Green*, 95 Mo. 113.

The judgment must be reversed, and the cause remanded. All concur. '