WALTER A. WOOD MOWING AND REAPING MACHINE COM-
PANY, Appellant, v. CHRISTOPHER BOBBST,
Respondent.

St Louis Court of Appeals, February 13, 1894.

1. **Instructions:** DISREGARD OF MATERIAL ISSUES. An instruction on the whole case is erroneous, if it authorizes a recovery without regard to material issues as to which there is a conflict of evidence.

2. **Sales:** EFFECT OF EXPRESS WARRANTY. When in the sale of a machine, an express conditional warranty is made as to its capacity for work, the vendee is confined to the conditions attached thereto,

and, unless these have been waived by the vendor, cannot recover upon proof merely of a breach of the warranty ordinarily implied in the sale of a chattel for a special use.

*Appeal from the Montgomery Circuit Court.*—Hon E. M. Hughes, Judge.

Reversed and remanded.

*J. D. Barnett* and *W. W. Fry*, for appellant.

An instruction on the whole case must tender all the issues on both sides. *Hayner v. Churchill*, 29 Mo. App. 676; *Brownfield v. Ins. Co.*, 26 Mo. App. 399; *State v. Brumley*, 53 Mo. App. 130; *Birtwhistle v. Woodward*, 94 Mo. 113. The essential conditions of the conditional contract with which defendant failed to comply, according to plaintiff's theory, are omitted from defendant's instruction. The conditions are, that if the machine was set up and operated as per directions and it did not work, written notice must be given, and reasonable time after such notice allowed to remedy the defect, the purchaser to render friendly assistance. *Weise v. Birdsell Co.*, 35 Mo. App. 229; *Boyer v. Neel*, 50 Mo. App. 26. (2) Plaintiff's refused instruction should have been given. The answer was but a general denial. Again, the giving of written notice as required by the warranty was a condition precedent never complied with by defendant. This stands admitted under the evidence. *Weise v. Birdsell Co.*, 35 Mo. App. 229; *Nichols v. Larkins*, 79 Mo. 264. *Boyer v. Neel, supra,* is decisive of this case.

*Ball & Ball* for respondent.

Rombauer, P. J.—The plaintiff sued the defendant for the contract price of a harvester and binder

sold by him to the latter. Upon the trial of the cause before a jury the defendant recovered a verdict. From the judgment rendered on that verdict the plaintiff appeals, and he assigns for error the admission of irrelevant evidence, and the giving of erroneous instructions.

The defendant's answer set up that the machine was sold to him with the plaintiff's written guarantee, that it would do first-class work as a combined reaper and binder in every respect; that it did not work; that it would not do good work in any kind of grain, and that it is, by reason of such facts, valueless and worthless. The answer further states, that after the defendant discovered that the machine was not working according to the guarantee, he redelivered it to the plaintiff's agent.

The plaintiff's reply denied the new matter set up in the answer, and averred that the machine was sold to the defendant with this written warranty and no other:

"All our machines are warranted to be well made, and of good material, and to do good work with proper management when set up and operated as per printed directions. If, upon starting any one of our machines, it should not work well, immediate written notice must be given to the Walter A. Wood Mowing and Reaping Machine Company, or the local agent from whom it was purchased, and reasonable time allowed to get to it and remedy the defects, if any (the purchaser rendering necessary and friendly assistance); when, if it can not be made to do good work, it shall be returned, free of charge, to the place where received, and the payment of money or notes will be returned. Failure to immediately give notice as above, or continual possession of the machine, whether it is kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty. No one has any authority

to add to, abridge, or change this warranty in any manner.

"Walter A. Wood Mowing and Reaping Machine Co."

The reply also averred that the plaintiff had kept every provision of said warranty, and that, if the machine did not work properly, it was on account of defendant's failure to do his duty as required by said warranty.

The defendant gave evidence tending to show that the machine did not work satisfactorily; that he thereupon gave written notice to the plaintiff of that fact; that the plaintiff sent out some men to overhaul it; that it did not work well after being thus overhauled, and that the defendant thereupon tendered the machine to the plaintiff's agent in whose possession it has been ever since. There was no substantial evidence that the machine was sold with any other warranty than the one set out in the reply.

The plaintiff, in rebuttal, gave evidence tending to show that no written notice was given to its agent about the unsatisfactory working of the machine, but that the agent, learning of this complaint from others, sent a machinist out to overhaul the machine; that the cause of the failure of the machine to do good work when first used by defendant was that the machine was not properly adjusted, and that, after being so adjusted by him, it did good work. The plaintiff also gave evidence that, upon a subsequent complaint by the defendant that the machine did not work well, it sent out another machinist, who found that one of the bolts connecting the cutter bar with the frame had dropped out, and that, as soon as this bolt was replaced, the machine worked as well as any machine of its kind, but that the defendant, notwithstanding this, refused to keep it and tendered it back to the plaintiff, and that

the plaintiff refused to take it back.

This being all the evidence bearing on the point in issue, the plaintiff requested, and the court gave to the jury, instructions which told the jury in substance that, if the machine was sold with the special warranty read in evidence, then, in order to make the defense available, it became incumbent upon the defendant to prove that the machine did not work well; that the defendant gave immediate written notice of that fact to the plaintiff, and that the plaintiff failed to remedy the defect within a reasonable time; and also that the bad working of the machine was not due to its improper adjustment or handling by the defendant, but to inherent defects of it.

The plaintiff also requested, and the court refused to give to the jury, an instruction telling them that, if they believed from the evidence that the machine was sold under the written order read in evidence, they must find for the plaintiff.

On part of the defendant the court instructed the jury: "The jury are instructed that, if they believe from the evidence in the cause that the defendant Bobbst bought the machine herein sued for from the plaintiff for the price and sum of one hundred and forty dollars, with a written guaranty guaranteeing said machine to do good work with proper management in every respect, and with the further provision that, if said machine failed to do good work, the defendant was to notify the agent of plaintiff to that effect, and that defendant was to deliver such machine to plaintiff's agent, then the jury are instructed that, if they believe from the evidence in the case that such machine was defective, useless and valueless, and that plaintiff's said agent was notified by written notice of the defective machine, and that it was delivered to plaintiff's agent, O. H. Brooks, without any expense to

plaintiff, then your verdict must be for defendant.''

The plaintiff claims that the court should have given its instruction which it refused, because, if the machine was sold with the written guarantee in evidence, then defendant's evidence was a departure from the pleadings, and resulted in a total failure of proof. This contention is untenable for two reasons. The defendant's answer does set out the sale with a guarantee, but does not state the terms of the guarantee correctly. The reply then sets out the terms of the guarantee in full. The defendant did give some evidence tending to show that the guarantee as set out in the plaintiff's reply was broken, and the court could not, under the state of the pleadings, take that question from the jury.

On the other hand, we must conclude that the court erred in giving the instruction for the defendant, which is hereinabove set out. As above seen, there was no substantial evidence that the machine was sold with any other guaranty than the one set out in the plaintiff's reply. The legal effect of that guaranty was a question of law for the court. The instruction covers the whole case, and departs in several material respects from the terms of the guarantee. It authorizes a rescission of the contract by the defendant if the machine was defective, useless and valueless, regardless of any opportunity given to the plaintiff to remedy the defects within a reasonable time; and it authorizes the jury to find a verdict for the defendant upon the showing of the two facts that the machine was useless, and that the defendant notified the plaintiff's agent of that fact. As there was substantial evidence offered by the plaintiff that, whatever defects there may have been in the machine, they were fully remedied within a reasonable time by the plaintiff's employees, we must hold that the giving

of this instruction was prejudicial error. An instruction on the whole case must be so framed as to justify a recovery on the hypothetical facts therein stated, without excluding from the consideration of the jury the evidence offered by the adverse party. *McNichols v. Nelson*, 45 Mo. App. 446; *State v. Brumley*, 53 Mo. App. 126, 131; *Birthwhistle v. Woodward*, 95 Mo. 113. The jury might have found every fact stated in this instruction, and yet, if the plaintiff's evidence was true, a verdict for the defendant would not have been warranted; hence it necessarily *excluded* from the consideration of the jury controverted facts, which is always error.

We have decided in the case of *Boyer v. Neel*, 50 Mo. App. 26, that, in cases of a conditional *express* guaranty, the vendee is confined to the conditions of the guaranty, and, unless those have been waived by the vendor, he cannot recover upon showing a breach of the warranty *implied* in the sale of chattels for a special use. The parties here, as there, have made their special contract, and must abide by it.

The judgment is reversed and the cause remanded. All concur.