ZACK BURTON, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILWAY CO., Appellant.

Kansas City Court of Appeals, April 3, 1905.

NEGLIGENCE: Pleading: Evidence: Instruction. Where the pleading and the evidence present the issue of negligence instructions ignoring such issue are erroneous.

Appeal from Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Harrington & McCall* and *J. G. Trimble* for appellant.

Plaintiff's instruction is erroneous. It allows a recovery simply if while the train was moving Crist told the plaintiff to get off when they got to the handcar, and does not require that Crist should have made that command negligently or carelessly.

Instructions must not ignore material facts, or issues in the case. Jackson v. Boyles, 67 Mo. 609, 618; Crews v. Lackland, 67 Mo. 619, 621; Bank v. Murdock, 62 Mo. 70, 73; Bertwhistle v. Woodward, 95 Mo. 113.

*Rieger & Rieger* for respondent.

(1) Where there is some evidence of negligence it is then a question for the jury. Steube v. Foundry Co., 85 Mo. App. 640; Fusile v. Railway, 45 Mo. App. 541. And the proof of negligence need not be by direct testimony; it may be inferred by the jury from the facts and circumstances in evidence. Haynes v. Railroad, 54 Mo. App. 585; Owens v. Wabash, 84 Mo. App. 143; Rine v. Railroad, 100 Mo. 228.

ELLISON, J.—This action is for personal injury received by plaintiff in getting off a moving car on the order of defendant's agent. Plaintiff recovered in the trial court.

Plaintiff was a section hand. He and his comrades had boarded a flat car to ride down to where their handcar had been left, where they were all to get off. The petition charges that, the servants of defendant in charge of the train "negligently and carelessly failed and refused to stop said train; that thereupon the foreman under whom plaintiff worked carelessly and negligently ordered plaintiff to jump off of said train." It is then further charged that by reason of these negligent acts plaintiff was hurt. The answer denied the negligence. Yet, the instructions for plaintiff, given over defendant's objection, entirely ignore any question of negligence, and wholly omit any reference thereto. This was error.

The pleading and the case made defendant's negligence as one of the chief issues between the parties. The instructions would authorize a verdict for plaintiff even though no negligence was shown, or believed to exist. Birtwhistle v. Woodward, 95 Mo. 113; Jackson v. Bowles, 67 Mo. 609, 618; Crews v. Lackland, Ib. 621.

The judgment is reversed and the cause remanded. All concur.