PAGE v KANKEY.

AUGUST TERM.
1840.

If a witness is sworn and gives some evidence, however formal or unimportant, he may be cross examined in relation to all matters involved in the issue.

Page
vs
Kankey,

Appeal from Cooper Circuit Court.

*P. R. Hayden counsel for appellant.*

| 6 | 433 |
| 51a | 50 |

| 6 | 433 |
| 56a | 540 |

1st. That the Court erred in refusing to permit the defendant to cross-examine Childs, as he proposed to do after he had been sworn in chief by the plaintiff, 4. Wendell's Rep. 369, Jackson on the demise of Lowell vs Parkhunt, see 1. Phillip's E. 228, old edition, 273–4, Cowan's Edi. 2. Wendell 166, same book 583, 5, Mass. 334–5–6, 11, Dicking 273–4.

2nd. That the plaintiff did not take issue, to the plea of set-off, nor did the Jury find the same, which was left undisposed of, and therefore the court erred in rendering judgment upon the finding of the jury upon the plea of non-assumpsit, see Roland agt. Sargeant 1. Mo. R. 437–8.

*Adams & Miller, counsel for appellee.*

1st. That the witness, Childs, was properly sworn in chief, as there is no other mode of swearing witness to testify except where the witness is a party to the record, see Jackson vs Parkhunt 4, Wendell Rep. 370.

2nd. That when the defendant below proposed to cross-examine Childs, in relation to a matter about which he had not been examined by the plaintiff below, he thereby made him his own witness, and being an interested witness, he was properly excluded by the Court, sec 2, Caines Rep. 178.

3rd. That there was no motion by appellant for a new-trial or an arrest of judgment and consequently the judgment of the Circuit Court cannot be disturbed, 4. Mo. Repts. 540. Poke vs The State, Davidson vs Peck Ibid. 445.

Opinion of the Court by Napton, Judge.

Kankey sued Page in assumpsit, to which defendant plead non-assumpsit and set-off. Issue was taken on the plea of non-assumpsit, verdict and judgment for plaintiff.

On the trial, plaintiff introduced one Childs as a witness,

Page
v.
Kankey.

If a witness is sworn and gives some evidence, however formal or unimportant, he may be cross-examined in relation to all matters involved in the issue.

who testified on his voir dire that he was interested in the event of the cause, in favor of Page.

Notwithstanding, plaintiff examined him and proved by his testimony, the signature of said Page to certain letters, which he wished to read to the jury. Page the defendant, proposed to cross-examine witness, in relation to other matters involved in the issue, but the court refused to permit the witness to be examined in relation to any point except the signature of said letters by Page. The defendant excepted to the opinion of the court, and this is all the error relied on in this court.

The rule on this subject is clearly laid down by Phillips in his treatise on evidence. "If a witness is called by a party, merely for the purpose of producing a written instrument, belonging to the party, which is to be proved by another witness, he need not be sworn; and if not sworn, he will not be subject to cross examination. If a witness is sworn and gives some evidence (as proving an instrument) however formal the proof may be, he is to be considered a witness for all purposes; and this although he may be substantially the real party in the suit, and the party on the record a mere nominal party." p. 274, Cowans Ed.

This is amply supported by adjudicated cases. 4, Wendell 369, 2, Wendell 166, 11, Peck 273.

The reason of this rule is obvious and, I think, satisfactory. If a party voluntarily calls upon an interested and in competent witness, for the purpose of sustaining by his testimony something favorable to his side, he admits that the witness is above the reach of improper influences, and his adversary, it would seem just, should have the full benefit of such admission.

The court should have allowed the examination proposed, and for this error, the judgment must be reversed.