———o———

St. Louis & Iron Mountain Railroad Company, Respondent, vs. David H. Silver, Appellant.

1. *Practice, civil—Witnesses—Cross-examination of—How far may be carried.—* If a witness is sworn and gives some evidence, however informal and unimportant, he may be cross-examined in relation to all matters involved in the case.
2. *Practice, Supreme Court—Leading question—Decision of trial court, no ground for reversal.—*The question whether a leading question is permissible in direct examination is one to be decided by the trial court in its sound discretion, and its decision in this regard is not assignable for error in the Supreme Court.

*Appeal from St. Louis Circuit Court.*

*Slayback & Hæussler*, for Appellant.

*Dryden & Dryden*, for Respondent.

Wagner, Judge, delivered the opinion of the court.

This was an action on an account stated in the petition. At the trial at Special Term before a jury, a verdict and judgment were rendered for the defendant. On appeal to General Term, the judgment was reversed and the cause remanded for a new trial, from which last judgment defendant appealed to this court.

The first objection urged by the plaintiff to the ruling of the court at Special Term, was its action in allowing defendant, on cross-examination, to interrogate the witness in respect to matters upon which he had not been examined in his direct examination.

| | |
|---|---|
| 56 | 265 |
| 37a | 177 |
| 56 | 265 |
| 51a | 50 |
| 52a | 513 |
| 56 | 265 |
| 56a | 540 |
| 56 | 265 |
| 148 | 290 |
| 56 | 265 |
| 152 | 168 |

In some courts the rule prevails, that in the cross-examination of a witness, he can only be questioned in regard to those points or subjects which are contained in the direct examination; but this court at an early day adopted the English doctrine, to the effect, that if the witness is sworn and gives some evidence, however formal or unimportant, he may then be cross-examined in relation to all matters involved in the case. (Page vs. Kankey, 6 Mo., 433; Brown vs. Burrus, 8 Mo., 26.)

The next error complained of is, that the court trying the cause permitted the counsel for defendant in the direct examination of his own witness to ask him leading questions. The questions were leading and improper; but that alone will not furnish a ground for reversal. Leading questions are sometimes permissible in direct examinations, and whether they are so or not generally rests in the sound discretion of the court trying the case, and its decision in this regard is not assignable for error. (King vs. Mittalberger, 50 Mo., 182, and authorities referred to.)

For this there is an obvious and sufficient reason. The opposite party has the right to cross-examine the witness, and can generally then correct any injury which he has suffered on account of the admission of the leading question.

The court rightly refused the second instruction offered by the plaintiff. It was presented on the assumption, that the evidence given by the first witness, herein referred to, on cross-examination was incompetent testimony, and was intended to destroy the decision of the court by ruling it out. But as we have seen, the objection to that testimony was untenable. The point made, that there was no evidence to support the verdict, is also founded on the idea that that testimony was illegal and inadmissible; but as we are of a contrary opinion, it follows that there was a sufficient evidence to authorize the submission of the case to the jury.

Wherefore it results that the judgment at General Term should be reversed and that at Special Term affirmed. The other judges concur.