JOSEPH D. CLARK, JR., By Next Friend, Respondent, v. JAMES P. FAIRLEY, Appellant.

### St. Louis Court of Appeals, April 10, 1888.

1. PRACTICE—NEW TRIAL—WEIGHT OF EVIDENCE.—When a verdict is opposed not only to the great preponderance of evidence, but also to all the probabilities arising from surrounding circumstances, it is the duty of the trial court to sustain a motion for new trial.

2. DAMAGES—EVIDENCE—DEFENDANT'S FINANCIAL CONDITION.—In an action for damages, evidence tending to show the defendant's financial condition is not admissible, unless the case be one in which an award of exemplary damages would be justifiable.

3. ——— Exemplary.—To warrant a verdict for exemplary damages, it must be made to appear that there was malice, violence, ill will, or the equivalent of all or either, in the infliction of the injury complained of.

4. ——— ——— Instruction.—An instruction is erroneous which leaves it to the jury to say whether, in view of all the circumstances of the case, the plaintiff is entitled to exemplary damages, instead of informing them what facts and circumstances would render the defendant liable for such damages.

5. Error, Prejudicial or Otherwise.—Error is presumed to be prejudicial. In order to an affirmance notwithstanding the presence of error, the burden is upon the party claiming the benefit of the judgment, to satisfy the appellate court that the error was not prejudicial.

Appeal from the St. Louis Circuit Court, Hon. Shepard Barclay, Judge.

*Reversed and remanded.*

Frank A. Hobein and Edmond A. B. Garesché, for the appellant : The court erred in admitting incompetent evidence offered on behalf of plaintiff. Rev. Stat. 1879, sec. 6688. The verdict and judgment in this case are overwhelmingly against the weight of the evidence and present a fit case for the interference of this court. *Hipsley v. Railroad*, 88 Mo. 348 ; *Ackley v. Staehlin*, 56 Mo. 558 ; *Spohn v. Railroad*, 87 Mo. 74, dissenting opinion of Judge Sherwood therein. Instruction number eleven tells the jury that if they find for plaintiff they are also at liberty to add to the actual damage which they may find, from the evidence, that plaintiff has sustained "such further sum as they might find would be just and fair (in view of all the facts and circumstances in evidence), to punish and make an example of defendant in the present case." This instruction is erroneous in that it fails to instruct as to mitigating circumstances. *Morgan v. Durfee*, 69 Mo. 478 ; *Joice v. Branson*, 73 Mo. 28. It is also improper in that it leaves it to the jury to find by conjecture from the evidence what are aggravating circumstances, when, if any such existed, it was the duty of the court to tell

them what would, under the evidence, constitute mitigating or aggravating circumstances, leaving the jury to find the facts. *Nichols v. Winfrey,* 79 Mo. 553; *Rains v. Railroad,* 71 Mo. 169.

A. A. PAXSON, for the respondent: Evidence as to the wealth of defendant was clearly competent, as in all actions of tort exemplary damages are allowed. *Klingman v. Holmes,* 54 Mo. 304; *Smith v. City,* 55 Mo. 456; *Howard v. Lillard,* 17 Mo. App. 228. If, however, we concede that the evidence was improper, in the language of Judge Philips in the last cited case, "it would not in view of the record constitute reversible error. For it is manifest from the amount of the damages awarded the plaintiff that the jury did not allow any smart money."

ROMBAUER, P. J., delivered the opinion of the court.

Our opinion on a former appeal in this case is reported in 24 Mo. App. 429, to which report we refer for a fuller statement of the facts. The action is one to recover damages for injuries sustained by plaintiff by the kick of a mule. Defendant is sought to be charged for such injuries because he forcibly threw the plaintiff near, or against the mule, which led to the accident.

Before the re-trial of the cause the plaintiff amended his petition so as to conform to suggestions made in our former opinion, and the defendant amended his answer so as to set up the plea of contributory negligence. The verdict upon the last trial was the same as upon the first, one in favor of the plaintiff for five hundred dollars.

The evidence upon the last trial was the same in substance as upon the former one. For the plaintiff, one witness, a boy companion of his, testified on his examination in chief: "Mr. Fairley (the defendant) slapped Joe (the plaintiff) and knocked him under the mule, and the mule kicked him," and on cross-examination, "Mr. Fairley slapped him on the left side of the

Vox. xxx—22

jaw, and Joe fell underneath the mule and the mule kicked him." There was, therefore, direct testimony of the fact that the defendant forcibly threw the plaintiff near or against the mule in some manner, which evidence, as we held formerly, was essential to plaintiff's recovery.

This evidence was directly contradicted not only by the defendant himself and a number of eye witnesses of the occurrence, all of whom concurred in the statement that the plaintiff never was struck, and that the defendant never was within striking distance of him until he picked him up after the injury, but it is also opposed to the probabilities arising from surrounding circumstances.

But while we readily concede that the verdict is opposed to the great preponderance of evidence, we must equally concede that it is supported by substantial evidence, and that it is not one of those extreme cases in which an appellate court is justified to vacate a verdict on the sole ground that it conclusively appears that it is the result of prejudice or mistake on part of the jury. *Spohn v. Railroad*, 87 Mo. 84.

It is to be regretted that the trial courts exercise too sparingly the discretionary power vested in them to vacate verdicts because opposed to the weight of evidence. When the case was last before us we expressed our opinion of its merits in unmistakable terms. The evidence at the last trial was stronger in favor of defendant than at the preceding trial, and if the court had sustained the defendant's motion for new trial on the sole ground that the verdict was opposed, not only to the great preponderance of evidence, but to all the probabilities arising from surrounding circumstances, it would have done no more than, under the circumstances, it was its clear duty to do.

We remanded the cause formerly, following the action of the Supreme Court in *Spohn v. Railroad,* *supra,* and following the rule established in that case

we are not prepared even now to make a final disposition of the case in favor of defendant in this court.

The complaints made by the defendant which are properly before us for review on this appeal are, that the court admitted illegal evidence for the plaintiff, and misdirected the jury. The evidence of which the defendant thus complains are entries in the books of the assessor of the city of St. Louis, showing what property was assessed to defendant, and thus tending to show his financial condition. This evidence was objected to on two grounds, first because secondary and next because irrelevant.

The entries thus offered are public records, and are presumed to be made under the law on the parties' own returns. They are, therefore, at least *prima-facie* evidence against the parties assessed. *Kennedy v. Holliday*, 25 Mo. App. 511. If the nature of the action and the evidence adduced to sustain it would have justified the award of exemplary damages, then this evidence would have been relevant to the issues. *Buckley v. Knapp*, 48 Mo. 152, 162.

We are of opinion, however, that the case was not one for the award of exemplary damages in any view of the testimony and that the admission of this evidence was wholly irrelevant. In the same connection we may add that the instruction given by the court of its own motion on the question of exemplary damages was not only wholly unwarranted, but also erroneous in this, that it left it to the jury to say whether the plaintiff was entitled to exemplary damages in " view of all the facts and circumstances of the case," instead of informing the jury what facts and circumstances would render 'the defendant liable to exemplary damages.

Some decisions in this state seem to imply that exemplary damages may be given in all actions of trespass or case for torts. Such, seemingly, is the view of Judge Wagner in *Klingman v. Holmes*, 54 Mo. 308. That view, however, is opposed to the ruling of the same judge in *Kennedy v. Railroad*, 36 Mo. 364, where he

states, "that to authorize the giving of exemplary or vindictive damages, either malice, violence, or wanton recklessness, must mingle in the controversy and form one of the chief ingredients," as well as to the ruling of the Supreme Court in other cases prior and subsequent. *McKeon v. Railroad,* 42 Mo. 80 ; *Franz v. Hilderbrand,* 45 Mo. 123 ; *Whalen v. Church,* 62 Mo. 326 ; *Morgan v. Durfee,* 69 Mo. 478. The case last cited was a case of battery resulting in death, and the trial court instructed the jury that they might allow exemplary damages. The Supreme Court reversed the judgment on that ground among others, Judge Sherwood stating that there was "no evidence showing aggravating circumstances, nor that the blow was wantonly and cruelly inflicted in a spirit of hatred and ill will, and without reasonable provocation."

As the admission of the evidence touching defendant's financial condition and the instruction of the court on the question of exemplary damages were clearly erroneous, the only remaining question is, whether such errors were prejudicial to defendant so as to call for a reversal of the judgment.

The true rule on the subject is this : Error is presumed to be prejudicial. To justify an appellate court to affirm a judgment when error has intervened in the trial, the burden is upon the party claiming the benefit of the judgment to satisfy the appellate court that the error was not prejudicial. The plaintiff has failed to satisfy us of that fact. As the verdict is unquestionably opposed to the great weight of the evidence, and taking the plaintiff's injuries into consideration, is very moderate, the probability is not excluded that it was brought about more by sympathy for the unfortunate sufferer, and by proof of the fact that the defendant was able to pay without serious inconvenience to himself, than by a proper regard for the evidence touching the cause of the accident, which alone must determine the defendant's liability.

All the judges concurring, the judgment is reversed and the cause remanded.