Nelson v. Wallace.

AMANDA S. NELSON AND GEORGE C. NELSON, her Husband, Respondents, v. GRAHAM WALLACE, Appellant.

### St. Louis Court of Appeals, February 16, 1892.

1. **Pleading:** DEFINITION OF NEW MATTER IN ANSWER. *Held, arguendo*, that a statement in an answer of a fact which avoids the action, and which the plaintiff was not bound to prove in the first instance in support of his action, is new matter.

2. **Slander :** PLEADING : JUSTIFICATION. In an action for slander, it is not incumbent upon the plaintiff to prove more than that the alleged slander was spoken of and concerning himself, and that it is of an actionable character. It devolves upon a defendant who desires to justify to plead and prove the truth of the alleged defamation.

3. ——— : ——— : CONSISTENCY OF DEFENSES. Defenses are inconsistent only when one necessarily disproves the other, and not when both can be true. The denial of an alleged slander and a plea of justification are not inconsistent.

| 48 | 193 |
|----|-----|
| 53 | 156 |
| 48 | 193 |
| 122m | 371 |
| 57 | 138 |
| 57 | 398 |
| 48 | 193 |
| 67 | 415 |
| 48 | 193 |
| 68 | 322 |
| 48 | 193 |
| 87 | 61 |
| 87 | 132 |
| 48 | 193 |
| 102 | 7325 |
| 102 | 7615 |

4. ———— : ———— : FAILURE OF PLAINTIFF TO REPLY. A plea of justification goes to the entire cause of action of the plaintiff, and if the plaintiff fails to reply thereto the defendant is entitled to judgment on the pleadings.

5. ———— : ———— : ———— : WAIVER OF DEFENDANT'S RIGHT TO JUDGMENT. However, a defendant to enforce his right to judgment in such case must stand upon the pleadings ; he waives that right if after an ineffectual motion for judgment owing to the absence of such reply, he goes to trial on his plea, offers evidence in support of it, submits the issue to the jury, and is defeated.

6. Instructions : COMMON ERROR. A party will not be heard to complain of an error in an instruction given for the adverse party, when one given at his own request is similarly erroneous.

7. ———— : EXEMPLARY DAMAGES : MALICE. Exemplary damages are authorized only when malice, violence or wanton recklessness mingle in the controversy and form one of its chief ingredients. This rule applies to an action of slander, wherein the law implies malice from the utterance of words actionable *per se*, but requires proof of express malice, as distinguished from that thus implied, as ground for exemplary damages. The disproof of such express malice does not merely mitigate exemplary damages, but defeats altogether the right thereto.

8. ———— : MITIGATING CIRCUMSTANCES : INSTRUCTIONS. Evidence that the slander sued for was only a repetition of a current report of long standing by which the plaintiff's general reputation had become impaired is received in mitigation of the compensatory damages ; an instruction that such evidence shall only be considered in mitigation of exemplary damages is necessarily prejudicial error in a cause, wherein the main element of the plaintiff's damages is injury to his reputation, and substantial damages have been recovered.

*Appeal from the Lewis Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*F. L. Schofield, H. P. Tate* and *B. F. & J. E. Thompson*, for appellant.

The court below erred in not sustaining defendant's motion for judgment for failure of plaintiffs to reply to new matter pleaded by way of defense in defendant's

answer, to-wit, the truth of the matter charged.   R. S. 1889, sec. 2081.   This was a matter the defendant had to plead, otherwise he could not have offered any proof as to the truth of the words charged ; hence, not having been replied to, he was entitled to judgment.   R. S. 1889, secs. 2052, 2053 ; *Smith v. City of St. Joseph*, 45 Mo. 449 ; *State to use v. Williams*, 48 Mo. 210 ; *State ex rel. v. Rau*, 93 Mo. 126 ; *Ledbetter v. Ledbetter*, 88 Mo. 60 ; *Northrup v. Ins. Co.*, 47 Mo. 435 ; *Taylor v. Railroad*, 26 Mo. App. 336.   (2)   Although the instructions given by the court at the instance of defendant in the main state the law quite correctly, yet since they are quite contradictory of those given for the plaintiffs, the judgment ought not to be upheld.   *Redpath v. Lawrence*, 42 Mo. App. 101–112 ; *George v. Railroad*, 40 Mo. App. 433–447.   (3)   The rule governing instructions is that they should be complete in themselves and not remit the jury to the pleading to ascertain their scope or meaning.   The plaintiffs' instructions are peculiarly violative of this rule.   Their first instruction refers the jury to "the plea of justification set up by defendant in his answer," but does not inform the jury what that plea is ; and so throughout the entire series given by the court at the instance of the plaintiffs.   *Railroad v. McGrew*, 104 Mo. 282, 302 ; *McGinnis v. Railroad*, 21 Mo. App. 399 ; *Proctor v. Loomis*, 35 Mo. App. 482 ; *Grant v. Railroad*, 25 Mo. App. 227 ; *Steil v. Ackli*, 15 Mo. 289.

*Blair & Marchand, Clay & Ray* and *John C. Anderson*, for respondents.

ROMBAUER, P. J.—This is an action of slander by husband and wife for the slander of the wife.   The slanderous words are charged to have been spoken when the plaintiffs were married, and imputed to the plaintiff Amanda the offense of fornication, while single.   The words are actionable *per se* and imply malice.

The defendant answered, pleading the general issue. He also set up by way of special defenses the truth of the matter charged as defamatory, and mitigating circumstances. The plaintiffs moved to strike out the second plea, but their motion was overruled. They thereupon filed their replication denying the third plea but not the second. The defendant thereupon moved for judgment upon the pleadings, claiming that the new matter set up in his second plea, and not replied to, went to the whole of the plaintiffs' action, and, since it remained undenied, he was entitled to judgment. The court overruled this motion, and the defendant excepted. The parties thereupon went to trial, the defendant introducing evidence in support of his second and third pleas, and the plaintiffs introducing rebutting evidence. The trial resulted in a verdict for plaintiffs in the sum of $1,800. The defendant thereupon moved the court for a judgment *non obstante veredicto*, and also for new trial and in arrest of judgment, and, all these motions being overruled, brings the case here by appeal.

The errors assigned relate to the action of the court in not sustaining the defendant's motions for judgment, and his motion in arrest of judgment, and to the instructions given for plaintiffs which are claimed to be erroneous and misleading.

The second plea, which is the plea in question, is as follows :

"This defendant, further answering the petition of the plaintiffs and the several counts thereof, says : That, at the time of the alleged speaking of the alleged defamatory words set out in said petition and in the several counts thereof, the defendant had good reason to believe, and did believe, and now so charges the facts to be, that on, to-wit, the ——— day of ———, 18—, and at divers other times before and after said date and prior to said May 25, 1890, the plaintiff, Amanda,

Susan, then being unmarried, did have carnal commu-nication with and did commit fornication with the said James Shackelford at the county and state aforesaid. Wherefore this defendant says that whatever words he may have spoken of or concerning said plaintiff were and are true.''

The statute provides that, in actions of libel and slander, ''the defendant may, in his answer, allege both the truth of matter charged as defamatory and any mitigating circumstances admissible in evidence, to reduce the amount of damages; and, whether he prove the justification or not, he may give in evidence the mitigating circumstances.'' R. S. 1889, sec. 2081.

The following provisions of the statute have a bear-ing on the question presented: ''The answer of the defendant shall contain: *First*, a general or specific denial of each material allegation of the petition con-troverted by the defendant. * * * *Second*, a state-ment of any new matter constituting a defense or counterclaim.'' R. S. 1889, sec. 2049. '' Different con-sistent defenses may be separately stated in the same answer.'' R. S. 1889, sec. 2051.

'' If the answer contain a statement of new matter, and the plaintiff fail to reply or demur thereto within the time prescribed by the rule or order of the court, the defendant shall have such judgment as he is entitled to upon such statement, and if the case requires it a writ of inquiry of damages may issue.'' R. S. 1889, sec. 2053.

What is new matter within the meaning of these sections has been thus defined in *Northrup v. Ins. Co.*, 47 Mo. 435: ''The defendant, by merely answering the allegations in the plaintiff's petition can try only such questions of fact as are necessary to sustain the plain-tiff's case. If he intends to rely upon new matter which goes to defeat or avoid the plaintiff's action, he must set forth in clear and precise terms each substan-tive fact intended to be so relied on. It follows that,

whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to support the plaintiff's case, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial." In *State to use v. Williams*, 48 Mo. 210, it was said: "That any fact which avoids the action and *which the plaintiff was not bound to prove in the first instance*, in support of it, is new matter." These definitions have been repeatedly approved, and their accuracy has not been denied in any case. *Kersey v. Garton*, 77 Mo. 645; *State ex rel. v. Rau*, 93 Mo. 126; *Hudson v. Railroad*, 101 Mo. 13.

It is elementary law that in actions of libel and slander, while it is usual to allege that the words were falsely spoken or published, it is not incumbent upon the plaintiff to *prove* more than that they were spoken or published of and concerning himself, and that they are of an actionable character. It is incumbent upon a defendant, who desires to justify, to allege and prove that the charge contained in the alleged defamatory matter is true.

The trial court properly ruled that the defendant's second defense was not inconsistent with a general denial; because, under the rule long established in this state, defenses are inconsistent, only when one necessarily disproves the other. Two statements are not inconsistent when both may be true. *Nelson v. Brodhack*, 44 Mo. 596; *Rhine v. Montgomery*, 50 Mo. 566; *Cohn v. Lehman*, 93 Mo. 574; *Patrick v. Gaslight Co.*, 17 Mo. App. 462; *State to use v. Samuels*, 28 Mo. App. 649. The very case, here arising, was stated by Judge BLISS by way of illustration in *Nelson v. Brodhack*, *supra*, when he said that in this state, in an action of "slander for charging one with being a thief, the defendant may deny the words and add the *actio non* because the plaintiff stole a horse. Proving the larceny does not prove the speaking the words." But

the trial court erred in not granting defendant's motion for judgment, because the plea of justification was new matter, which went to the plaintiff's entire case, and remaining undenied the defendant was entitled to judgment.

Had the defendant rested there, he would have been entitled to judgment here, because it is our duty to give such judgment upon appeal as the trial court should have given. Had the defendant gone to trial on the general issue only, he still could have insisted that he was entitled to judgment upon the pleadings. *State to use v. Finn,* 19 Mo. App. 560. But the defendant went to trial and offered evidence in support of his plea of justification, and submitted that issue to the jury. As the verdict has gone against him, he now seeks a review on this appeal both of the action of the court in deciding against him upon the pleadings, and of the action of the jury in deciding against him upon the facts. By doing so he certainly waived his right to an affirmative judgment in his favor now. The general rule is that, where a case has been tried as if a reply had been filed, and as if the issues tried were properly made by the pleadings, the allegations of the answer will after verdict be treated as if formally denied. *Henslee v. Cannefax,* 49 Mo. 295; *Parks v. Heman,* 7 Mo. App. 14. It is true that this rule has been applied to cases, where a reply has been inadvertently omitted, and when no motion for judgment has been made for want of reply, and it is intimated in *Smith v. City of St. Joseph,* 45 Mo. 449, that in the latter case the rule might be different. Yet, even in the latter event, the case may be likened to one where a new trial has been improperly awarded against a party, and where, instead of standing on his exceptions, he takes the chances of a second trial, and, being defeated in that, seeks a review of the action of the court in awarding a new trial, which, as the court held in *Davis v. Davis,* 8 Mo. 56, is a species of gambling.

not allowed in a court of justice. Were this, therefore, the only error in the case, we would hardly feel warranted to reverse the judgment on that account.

The defendant complains that the first instruction given on behalf of the plaintiff remits the jury to the petition for the words spoken, and hence was erroneous, as it is improper to refer the jury to the pleadings for the issues. This complaint is based upon a misconception of the true record. The instruction, as contained in the transcript, is liable to the objection made, but a certified copy of the instruction, which is produced before us upon *certiorari*, shows that it does in a preamble, which is omitted from the transcript of the record, fully set out the words charged to have been spoken. The further objection made to that instruction, that it concludes by referring the jury "to the plea of justification set up by the defendant in the answer," would be well taken, if the same vice were not contained in the defendant's instructions. The defendant's third instruction begins: "In order to sustain the plea of justification it is not necessary," etc. A party will not be heard to complain of an error in an instruction given for the other side, when one given at his request is similarly erroneous. *Fairbanks v. Long*, 91 Mo. 628.

But the fourth instruction given on behalf of the plaintiff is clearly erroneous. That instruction is as follows: "The evidence that has been introduced in reference to current and general reports of the charge in plaintiffs' petition, and also in reference to the belief of the defendant in the truth of such reports, cannot be considered by the jury as evidence of the guilt of the plaintiff, Amanda Susan Nelson, nor disprove the charges in the first and second counts of the plaintiffs' petition, nor to lessen the actual damages which plaintiff, Amanda Susan, should recover for injury to her reputation and character, should the jury find for said plaintiff, Amanda Susan. But, if the jury should believe from the evidence that such reports were current or general, and that the defendant believed the same to be

true when he spoke the same to Warren Leslie and others, and shall further believe from the evidence that defendant published and spoke said alleged slanderous words in the interest of the public morals and of society, then and in that case the jury shall consider such evidence in mitigation or reduction of the amount of punitive or exemplary damages only, which the jury may believe plaintiff, Amanda Susan, is entitled to.''

It will be seen that this instruction authorizes the jury to consider matters pleaded in mitigation of damages merely for the purpose of reducing the punitive or exemplary damages which they might believe plaintiff is entitled to. Exemplary damages are not recoverable except where malice, violence or wanton recklessness mingles in the controversy, and forms one of its chief ingredients. *Kennedy v. Railroad*, 36 Mo. 364; *McKeon v. Railroad*, 42 Mo. 80; *Franz v. Hilterbrand*, 45 Mo. 123; *Morgan v. Durfee*, 69 Mo. 478; *Clark v. Fairley*, 30 Mo. App. 335. The action of slander forms no exception to the general rule: Where the words spoken are actionable *per se* the law implies malice, as it does in other cases of tort, but to justify the giving of exemplary damages the malice shown must be express, as distinguished from the malice thus implied.

Now in the case at bar the mitigating circumstances pleaded were twofold. The first tended to show that the defendant was not actuated by any malice in fact to the plaintiff Susan, and, hence, should not be subjected to punitive damages. The other tended to show that the slanderous words were uttered many years after the slander was first started, and when by the general currency of the report the plaintiff's general reputation had been impaired. The first could be offered only for the purpose of *preventing*, and not of *reducing*, the award of exemplary damages; the other might be shown for the purpose of reducing the compensatory damages to be awarded, because, as the injury to reputation forms one of the main elements of compensatory

damages, it would be folly to say that a party, whose reputation is bad, is entitled to the same compensation for a slander still further impairing it, as one whose reputation is good. The case must not be confounded with one of a contemporaneous repetition of a current slander, where, as in all other cases of joint trespass, the law cannot and will not apportion the injury.

This proposition is very succinctly stated in the first part of the defendant's fifth instruction in *Buckley v. Knapp*, 48 Mo. 161, which was drawn by careful counsel and which correctly expresses the law in such cases. That instruction is as follows : "If the jury believe from the evidence that the reputation of the plaintiff was bad for chastity before the publication of the article, even though they might not be satisfied from the evidence of the entire truth of the defendant's answer, still they were bound to consider such reputation in mitigation of damages." The mitigation here referred to relates to compensatory and not to exemplary damages, because the reputation of the person slandered has no bearing on the question of exemplary damages one way or the other.

The plaintiffs' counsel urges that the error in this instruction, if any, does not warrant a reversal of the judgment, because it does not appear that the damages are excessive, viewing them as compensatory damages only. In replying to a similar argument in the case of *Clark v. Fairley, supra*, we said : "Error is presumed to be prejudicial. To justify an appellate court to affirm a judgment when error has intervened in the trial, the burden is upon the party claiming the benefit of the judgment to satisfy the appellate court that the error was not prejudicial." How can the plaintiff satisfy us of such fact in this case, when the main element of damages claimed was injury to reputation, and the jury were precluded by the instruction of the court from considering the plaintiff's reputation in the award of compensatory damages

It results from the foregoing that the judgment must be reversed, and the cause remanded, to be proceeded with in conformity with this opinion. All the judges concur.