WARREN HARRIS, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.

1. **EVIDENCE: Witness: Cross-Examination: English Rule.** According to the English rule where a competent witness is called and sworn, the other party will, ordinarily, and in strictness, be entitled to cross-examine him, though the party calling him does not choose to ask him a question, unless he has been sworn by mistake.

2. ———: ———: ———: ———: **Missouri Rule.** The Missouri rule adds to the above, "and gives some evidence," however formal, he may be cross-examined upon the whole case.

3. ———: ———: ———: **Object of.** Cross-examination is not only necessary to ascertain the witness's means of knowledge, but his feeling, prejudice, capacity and integrity.

4. ———: **Market Value.** *Held*, that the witnesses were confined to the market value of the cattle sued for at the time and place of the killing, which was the correct rule.

5. ———: ———: **Witness: Expert.** A witness who has never seen the cattle may, as an expert, express his opinion as to their value based on his general observation and experience with like cattle; and if such witness acquire his knowledge from the general avenues of information to which the average business man resorts for knowledge, he is qualified to state such values.

6. ———: ———: Certain questions as to the decrease in value which would be pertinent under some circumstances are held immaterial to the issues under judgment.

Appeal from Grundy Circuit Court.—*Hon. Paris C. Stepp*, Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1)   The plaintiff's proof should have been confined to the reasonable market value of the cattle at the time and place of the injury and the court erred in overruling defendant's objection to the question as to value asked plaintiff.   The court conceded the correctness of the objection, but nevertheless overruled it.   Commission Co. v. Railway, 64 Mo. App. 590; Schrodt v. St. Joseph, 109 Mo. App. 631; Sinclair v. Railway, 70 Mo. App. 596; Lachner Bros. v. Express Co., 72 Mo. App. 21; Warden v. Railway, 78 Mo. App. 668; Senn v. Railway, 108 Mo. 151; Russ v. Railway, 112 Mo. 504.   (2)   The testimony of plaintiff's witness Graham as to the value of the cattle was incompetent because he was not shown to be qualified to give an opinion as to the value of the cattle in question at the time and place they were killed.   1 Greenleaf on Evidence (12 Ed.), sec. 440a; Rogers on Expert Testimony (1 Ed.), sec. 21, p. 30; sec. 39, p. 61; sec. 153, 154 p. 214; 1 Wharton's Evidence, sec. 447; Naughton v. Stagg, 4 Mo. App. 275; Igo v. Railway, 38 Mo. App. 377; Goins v. Railway, 47 Mo. App. 181; Railway v. Calkins, 90 Mo. 542; Fuchs v. St. Louis, 167 Mo. 644; Koons v. Railroad, 65 Mo. 597; Muff v. Railway, 22 Mo. App. 588.   (3)   The court erred in sustaining plaintiff's objections to questions asked defendant's witness Duncan in his deposition, for the reason that there were no grounds whatever stated for such objections.   Chaffee v. Railroad, 64 Mo. 193; Seligman v. Rogers, 113 Mo. 656; Bank v. Scalzo, 127 Mo. 185; Stark v. Knapp & Co., 160 Mo. 552; Smith v. Dowling, 85 Mo. App. 514; Wibracht v. Annan, 89 Mo. App. 370.   (5)   The court erred in sustaining plaintiff's objections to the testimony of defendant's witness Lowney.   Rogers on Expert Testimony (1 Ed.), sec. 25, p. 39; Benjamin v. Railway, 50 Mo. App. 602; Goss v. Railway, 50 Mo. App. 614; Riley v. Sparks, 52 Mo. App. 572; Kaminski v. Iron Works,

167 Mo. 462; Longan v. Weltmer, 180 Mo. 340. (6) The defendant was entitled to cross-examine the witness Earl, who was produced, sworn and placed upon the witness stand by plaintiff. When a witness is sworn he is subject to direct and cross-examination. Defendant's right to cross-examine cannot be destroyed by plaintiff's failure to exercise his right to examine in chief. Aikin v. Cato, 23 Ga. 154; Lundy v. Thomas, 26 Ga. 537; Mason v. Railway, 58 S. C. 75, 36 S. E. 440, 79 Am. St. 827. (3) Plaintiff was only entitled to have the jury assess the reasonable market value of the cattle. This is the correct measure of damages. Howenstein v. Railroad, 55 Mo. 39; Harrison v. Railway, 88 Mo. 625; Hoffman v. Railway, 51 Mo. App. 281; Albers v. Merchant's Exchange, 138 Mo. 159; Gray v. Railway, 54 Mo. App. 666; Buttles v. Railway, 43 Mo. App. 280; Dietrich v. Railway, 89 Mo. App. 36; Webb v. Railway, 92 Mo. App. 56; Iba v. Railroad, 45 Mo. 474; Paddock v. Railway, 155 Mo. 536; Brannock v. Railroad, 106 Mo. App. 379; Hudson v. Railroad, 53 Mo. 539; Edwards v. Railway, 76 Mo. 401; Vaughan v. Railway, 34 Mo. App. 145; Price v. Bernard, 70 Mo. App. 181; Doughty v. Railway, 92 Mo. App. 494; Belch v. Railway, 18 Mo. App. 80; Sinclair v. Railway, 70 Mo. App. 596; Lachner Bros. v. Express Co., 72 Mo. App. 20-21; Warden v. Railway, 78 Mo. App. 668; 8 Am. and Eng. Ency. Law (2 Ed.), 629, 630; Hawes v. Stock Yards Co., 103 Mo. 68; Matney v. Gregg Bros. Co., 19 Mo. App. 112. (7) Plaintiff's instruction 8 as to the effect of the expert testimony is obscure, misleading and erroneous. It is contrary to all authority as to correct instructions on expert testimony. Rogers on Expert Testimony (1 Ed.), sec. 41, 42; Rosentreter v. Brady, 63 Mo. App. 403; Hoyberg v. Henske, 153 Mo. 75; Restetsky v. Railway, 106 Mo. App. 382; Benjamin v. Railway, 50 Mo. App. 608; Goss v.

Railway, 50 Mo. App. 622; Riley v. Sparks Bros., 52 Mo. App. 575.

*Platt Hubbell* and *George Hubbell* for respondent.

(1)   The plaintiff restricted his evidence, with respect to the value of the cattle, to the reasonable market value of the same.   Schrodt v. St. Joe, 109 Mo. App. 631; Lachner Bros. v. Express Co., 72 Mo. App. 21; Warden v. Railway, 78 Mo. App. 668. Guy Harris said: "We considered it a show calf." Cantling v. Railroad, 54 Mo. 391; Sinclair v. Railway, 70 Mo. App. 596; Bouge v. Corwine, 80 Mo. App. 620; Tate v. Railroad, 64 Mo. 153; Stevens v. Springer, 23 Mo. App. 385; Willison v. Smith, 60 Mo. App. 474; Brown v. Ins. Co., 46 Mo. App. 476.
(2)   Harry W. Graham is a competent expert on the value of cattle.   3 Encyc. of Ev., 863.   (3)   The court did right in sustaining objections to testimony of H. C. Duncan.   (4)   The court did right in sustaining plaintiff's objection to the testimony of J. T. Lowney.   (5) Counsel for the railroad had no right to cross-examine the witness Byron Earl.   They had a right to call him and examine him as their witness in chief, if they chose to do so.   3 Encyc. of Ev., 816.   (6)   Plaintiff's instructions 5, 6, and 7 are in substantial conformity with the statute.   Barth v. Railway, 142 Mo. 555; R. S. 1899, sec. 1105; 8 Am. and Eng. Encyc. of Law (2 Ed.), 541. "Compensation for the real loss or injury." Anderson's Law Dict., 305.

ELLISON, J.—The plaintiff was the owner of some cattle which were killed by one of defendant's trains. He brought this action for double damages under the statute and recovered judgment in the trial court.

We will first notice an exception taken to the action of the trial court in refusing to permit defendant to cross-examine a witness.   The plaintiff had a witness sworn and put upon the stand but did not ask a question

of him. Defendant thereupon claimed the right to cross-examine him as to the issues in the case. Plaintiff objected on the specific ground that he (plaintiff) had not asked him a question. The court denied the right with the statement that defendant could, in due time, call him as its own witness. After due consideration we have concluded that the court's ruling was in accordance with the rule long recognized in this State, though no case has been cited where the question was directly involved. The Supreme Court of this State has announced that we have adopted the liberal English rule as to liberty of cross-examination. The English rule, as stated by 1 Greenleaf on Evidence, section 445, is that "when a competent witness is called and sworn, the other party will, ordinarily, and in strictness, be entitled to cross-examine him though the party calling him does not choose to examine him in chief, unless he has been sworn by mistake." That seems to be a correct statement of the rule as announced by the English courts. [Phillips v. Eamer, 1 Esp. 355, 357.] In Wood v. Mackinson, 2 Moody & Robinson, 273-276, it was ruled that if a witness be called and sworn under a mistake by counsel, he cannot be cross-examined by the other party, *if the mistake be discovered before any question is put.* The court seems further to require an element of good faith on the part of the counsel and suggested that if the witness had really been able to give evidence on the matter for which he was called, but counsel discovered that he knew other matters which it was not desired to disclose and for that reason attempted to withdraw him, that that would present a different case. The Supreme Courts of Georgia and South Carolina understand the English rule as stated by Greenleaf, supra. For it is there held that the witness may be cross-examined "though the party calling him does not choose to ask him a question." [Lunday v. Thomas, 26 Georgia 537; Aiken v. Cato, 23 Georgia 154, 159; Mason v. Railway, 58 S. Car. 70, 75.]

But the Supreme Court of this State, copying and

approving the English rule as somewhat differently stated by Phillips on Evidence, says, that if the witness is sworn "*and gives some evidence,*" however formal, he may be cross-examined. [Page v. Kankey, 6 Mo. 433.] So in Railway v. Silver, 56 Mo. 265, the court says "that if a witness is sworn and gives some evidence, however formal or unimportant, he may then be cross-examined in relation to all matters involved in the case." Again the same was said in State v. Brady, 87 Mo. 142. And in the late case of State v. Soper, 148 Mo. 217, 235, it is said that "whenever a witness has been introduced and is examined in chief in a cause, even on the most trivial and unimportant matters, he may be cross-examined upon the whole cause." It thus clearly appears that the rule in this State concerning the right of cross-examination does not allow that right to arise merely from the fact that the opposite party had the witness sworn and put upon the stand, but he must have gone one step further and begun an examination in chief. And such seems to be the view taken in some other States. [Beal v. Nichols, 2 Gray 264; People v. Barker, 60 Mich. 302, and cases cited.]

We believe the rule stated in the qualified way in which we have seen that our courts state it, is the soundest. The reason why many of the courts (ours among them) reject the rule that a party is restricted in his cross-examination to those things of which inquiry in chief was made is the difficulty, delay and contention which would ensue in the court determining just what had been the scope of the examination in chief. So it is thought that the safest and most practical plan is to allow a full cross-examination on the whole case. Cross-examination is not only to ascertain the means of knowledge which the witness has of the things about which he has testified, his feelings, prejudices, capacity, etc., but it is also to try his integrity (for which the party introducing him has vouched). And to do that the right exists to take him over the whole course of matters in-

volved in any of the issues of the whole case, so that, if he·be caught in any willful misstatement of any matter material to any of those issues, the opposite party may ask the jury to place no reliance in any other thing he has said. But if no question is asked of the witness by the party having him sworn, there is no reason for cross-examination, since his want of knowledge, his prejudices, feeling, etc., are not involved, and his integrity is of no consequence.

Plaintiff charged that the cattle were of a fine breed and were registered. The chief objections presented here are technical criticism of the ruling of the court on the admission of evidence. The objections are quite numerous and will not be noticed one by one, since we can state our conclusions without burdening an opinion with such detail. It is said that the proof should have been confined to the reasonable market value of the cattle and that witnesses should not have been permitted to answer what the "value" was or what was the "reasonable value." We have examined the evidence and find that in reality the evidence related to the market value at the time of the killing and in the vicinity thereof. The witnesses (for defendant as well as for plaintiff) used various expressions in stating the value, but the court announced that it was the reasonable market value which was under investigation and the witnesses used that expression along with others. But there is no doubt that both witnesses and jurymen all understood that market value was the subject of the investigation.

It was proper to show by witnesses who had never seen the cattle in question but who were acquainted with the value of like cattle. The value of animals is, necessarily in some degree, a matter of opinion and experts may be allowed to state their opinion based on their general observation and experience with like cattle. [Cantling v. Railway, 54 Mo. 385; Sinclair v. Railway, 70 Mo. App. 588; Tate v. Railway, 64 Mo. 149.] Nor do we see any valid objection to the qualification of plaintiff's wit-

nesses to testify as to values, though they had not seen the cattle. In cases of this nature, if a witness is informed through the general avenues of information to which the average business man resorts in posting himself on values of those articles in which he deals, he becomes qualified to state such values. [Railway v. Norcross, 137 Mo. 415.] We have no fault to find with most of the propositions of law presented by defendant; but we do not agree that plaintiff has not had the proper witnesses, or that they were not properly qualified to testify on the subjects they did, or that the proper base founded on evidence in the case, was not stated to them when asked their opinion.

There was a simple objection made by plaintiff to several questions asked of the defendant's witness Duncan as to whether cattle had not decreased in value in the past two years, without giving any reason for the objections. The witness answered and then the objection was sustained. The questions were perhaps proper enough if asked of a witness for plaintiff on cross-examination. But in the circumstances of this case, it seems that it was of no importance that cattle had lessened in value in two years, unless it was proposed to follow that up by showing that that fact would bring them beneath the value fixed by witnesses for plaintiff. We regard the objections to the testimony of witness Lowney as properly sustained.

We have not discovered any substantial error materially affecting the merits of the case and hence affirm the judgment. All concur.